UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____           │
│ DATE FILED:  7/30/2021               │
└─────────────────────────────────────┘
```

DARRELL ROSE,

                                   Plaintiff,

                -against-

THE CITY OF NEW YORK DEPARTMENT OF
CORRECTION; DEPUTY GUITY; CAPTAIN
CHACARA; CORRECTIONAL OFFICER
#17482; R. KSETKA,

                                   Defendants.

21 Civ. 3164 (AT)

**ORDER OF SERVICE**

ANALISA TORRES, United States District Judge:

Plaintiff Darrell Rose, who is currently incarcerated in the Vernon C. Bain Center ("VCBC") on Rikers Island, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants have failed to adequately protect him from the risk of contracting COVID-19.[1] By order dated May 11, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[2]

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP

---

[1] Plaintiff filed the original complaint with 41 other VCBC detainees. By order dated May 7, 2021, Chief Judge Swain severed the plaintiffs' claims and directed that they be opened as 41 separate actions. ECF No. 4 at 5-6. By order dated May 18, 2021, Chief Judge Swain directed Plaintiff to amend his pleading to name as the defendants those individuals who he alleged were involved in the deprivation of his federal rights and to allege facts that state a claim under § 1983 and the Fourteenth Amendment. ECF No. 6 at 7-9.

[2] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

2

**DISCUSSION**

**A.      The New York City Department of Correction**

Plaintiff's claims against the New York City Department of Correction (DOC) must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency.").

In light of Plaintiff's *pro se* status and clear intention to assert claims against the City of New York, the Court construes the complaint as asserting claims against the City of New York, and directs the Clerk of Court to amend the caption of this action to replace the New York City Department of Correction with the City of New York. *See* Fed. R. Civ. P. 21. This amendment is without prejudice to any defenses the City of New York may wish to assert.

**B.      Claims against Ksetka**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their

3

subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, 983 F.3d 609, 620 (2d Cir. 2020).

Plaintiff does not allege any facts showing how Correction Officer R. Ksetka was personally involved in the events underlying his claims. The Court therefore dismisses Plaintiff's claims against this defendant for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### C.    Additional Defendants

On July 16, 2021, the Court received a letter from Plaintiff seeking to add defendants to the amended complaint. ECF No. 9. He attached to his letter an amended complaint caption page that listed as new defendants Correction Officer Lyon #3407, Correction Officer Richardson #3854, Correction Officer #1830, and Correction Officer #18144.

The Clerk of Court is directed to add as defendants to the caption of this action Correction Officer Lyon #3407 and Correction Officer Richardson #3854. *See* Fed. R. Civ. P. 21.

Because the amended complaint alleges no facts suggesting that Correction Officers #1830 and #18144 were personally involved in any of the events giving rise to Plaintiff's claims, the Court declines to add them as defendants at this time.

### D.    Waiver of Service

The Clerk of Court is directed to notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Deputy Guity, Captain Chacara, Correction Officer Badge #17482, Correction Officer Richardson #3854, Correction Officer Lyon (#3407), and the City of New York waive service of summons.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Court dismisses Plaintiff's claims against the New York City Department of Correction and R. Ksetka for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk of Court is directed to add as defendants to the caption of this action the City of New York, Correction Officer Lyon #3407, and Correction Officer Richardson #3854.

The Clerk of Court is further directed to electronically notify the New York City Department of Correction and the New York City Law Department of this order. The Court requests that Defendants Deputy Guity, Captain Chacara, Correction Officer # 17482, Correction Officer Richardson #3854, and Correction Officer Lyon #3407, and the City of New York waive service of summons.

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   July 30, 2021
         New York, New York

_____
ANALISA TORRES
United States District Judge

5